# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATIONAL INDEMNITY
COMPANY OF THE SOUTH,

          Plaintiff,

v.                                                Case No:   6:22-cv-74-PGB-LHP

H&C FLORIDA TRUCKING, INC.,
M&M CARRIER   GROUP CORP.,
YOANDY CARRASCO, SOUTHERN
CARRIER GROUP CORP. and
SANDRA DA PENHA
MENEGUELLI,

                    Defendants
                    /Third Party
                    Plaintiff,

ATLANTIC CASUALTY
INSURANCE CO.,

                    Third Party
                    Plaintiff

_____

## ORDER

      This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:   DEFENDANT, SANDRA DE PENHA**
> **MENEGUELLI'S, PARTIALLY UNOPPOSED**
> **MOTION TO SET ASIDE CLERK'S DEFAULT [D.E.**

| |
|---|
| **69] & MOTION FOR EXTENSION OF TIME (Doc. No. 71)** |
| **FILED:**      **January 13, 2023** |
| |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. |

As relevant to resolution of the above-styled motion, Defendant Sandra De Penha Meneguelli appeared in this matter on May 6, 2022 through counsel. Doc. No. 51. On May 23, 2022, the Court issued an Order to Show Cause directed to Meneguelli, directing her to show cause within fourteen (14) days for her failure to comply with the Court's January 14, 2022 Order directing counsel to file a Certificate of Interested Persons, and to comply with the January 14, 2022 Order by the same day. Doc. No. 58.

On May 31, 2022, Defendant Meneguelli filed her answer and affirmative defenses. Doc. No. 59. But she did not timely respond to the Order to Show Cause. So, on June 13, 2022, the Court issued an endorsed Order ordering that Defendant Meneguelli had until the close of business on June 14, 2022 to file a Certificate of Interested Persons, stating that otherwise default would be entered against her without further notice. Doc. No. 61. Defendant Meneguelli also failed to comply with that Order. So, on June 15, 2022, the Court entered an endorsed Order directing the Clerk of Court to enter default against Defendant Meneguelli.

Doc. No. 62.   Clerk's default was entered against Defendant Meneguelli the same day.   Doc. No. 63.

Defendant Meneguelli did not file anything else in this case until almost seven (7) months later.   On January 9, 2023, through counsel and without leave of Court, Defendant Meneguelli filed a Certificate of Interested Persons and Corporate Disclosure Statement.   Doc. No. 68.   Then on January 13, 2023, Defendant Meneguelli filed the above-styled motion in which Defendant Meneguelli seeks to set aside the Clerk's default and to reopen all deadlines that may have lapsed so she may "meaningfully participate in the case."   Doc. No. 71.   According to the motion, Plaintiff does not oppose the request to set aside the default, but does oppose any requested extension of deadlines in this case.   *Id.* at 11.   *See also* Doc. No. 75.   The remaining Defendants did not respond.   *See also* Doc. No. 71, at 11.

On review, and despite the partial consent by Plaintiff, Defendant Meneguelli's motion is due to be denied.   A court "may set aside an entry of default for good cause."   Fed. R. Civ. P. 55(c).   "The defendant bears the burden of establishing good cause to set aside an entry of default."   *Insituform Tech., Inc. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citations omitted). "Good cause" is a liberal standard.   *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). Courts have considered the following non-exclusive factors in determining whether

- 3 -

to set aside an entry of default: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the opposing party; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Id.* (citations omitted). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citation omitted).

Here, Defendant Meneguelli's counsel makes several assertions in support of the motion, none of which are supported by the record. First, counsel states that "unbeknownst" to him, the Court entered the May 23, 2022 Order to Show Cause. Doc. No. 71 ¶ 7. *See also id.* at 7–8. However, the Notice of Electronic Filing ("NEF") indicates that counsel received the Order to Show Cause by email.[1] *See also* Doc. No. 75-4. Second, counsel states that because the Court's June 13, 2022 Order was an endorsed Order, rather than a PDF document, he would not have received email notification of the June 13, 2022 Order, and remained unaware of it. Doc. No. 71 ¶ 9. *See also id.* at 7–8. Not so, as the NEF indicates that counsel

---

[1] The NEF indicates service at email addresses ronrod@frflawgroup.com and GSANCHEZ@FRFLAWGROUP.COM.

received the June 13, 2022 Order by email.   *See also* Doc. No. 75-5.   Third, counsel states that the June 15, 2022 Order, likewise being an endorsed Order, was not circulated by email service.   Doc. No. 71 ¶ 10.   *See also id.* at 7–8.   Again, not true, as the NEF indicates service on counsel by email.   *See also* Doc. Nos. 75-6, 75-7.

Counsel alleges that because these endorsed Orders were not circulated by email, he does not have a record of the Orders or default entered against Defendant Meneguelli.   Doc. No. 71 ¶ 12.   *See also id.* at 7–8.   He claims to only have become aware of the Court's Orders on January 4, 2023 when he "inadvertently" received a copy of a notice of deposition.   *Id.* ¶ 13.   *See also id.* at 7–8.   Based on the above, and given that email service occurred as to each Order, the undersigned does not find this argument to be persuasive.   And given that counsel relies solely on his alleged non-receipt of the Court's Orders to set aside the default, the undersigned finds lack of good cause to set aside the default.   *See Compania Interamericana*, 88 F.3d at 952 ("[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. . ., [and] when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.").

Notably, and inconsistently, counsel relies on the default against Defendant Meneguelli to ask for an extension of all deadlines that may have lapsed since the

entry of default, and extension being "necessary to allow Meneguelli the opportunity to meaningfully participate in the case and adequately discover the facts and arguments upon which Plaintiff relies for its claims." Doc. No. 71, at 10. Given that counsel supposedly was not aware of the default, the undersigned fails to see how this would support an extension of all remaining deadlines in the case, for counsel should have been actively litigating the case during the 10-month discovery period. *See* Fed. R. Civ. P. 16(b)(4). *See also Howard v. Wilkinson*, No. 6:17-cv-1473-Orl-40GJK, 2019 WL 10855186, at *1 (M.D. Fla. May 16, 2019) ("Rule 16(b)(4)'s 'good cause' standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with court-imposed deadlines." (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam))). And at this point, discovery is closed. *See* Doc. No. 38, at 2. Thus, counsel's statement that the request "does not affect or disturb the trial setting for the matter," *see* Doc. No. 71, at 5, is dubious at best.

Accordingly, for the reasons stated herein, Defendant Meneguelli's Partially Unopposed Motion to Set Aside Clerk's Default & Motion for Extension of Time (Doc. No. 71) is **DENIED**.[2] Defendant Meneguelli's Certificate of Interested Persons and Corporate Disclosure Statement (Doc. No. 68) is **ORDERED stricken**.

---

[2] The Court notes that in addition to the substantive deficiencies of the motion, the

**DONE** and **ORDERED** in Orlando, Florida on January 31, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

motion also fails to comply with Local Rule 1.08's typography requirements.   Given the expiration of deadlines in this case, the Court has addressed the merits of the motion despite the deficiency.   However, counsel is cautioned that any future filings that fail to comply with all Court Orders, Local Rules, and Federal Rules of Civil Procedure may be stricken or summarily denied without further notice.